UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ADMAD JAMEL BRITTON, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | No. 4:16-CV-1392 CDP |
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Movant requests sentencing relief under the recent Supreme Court case of *Johnson v. United States*, 135 S.Ct. 2551 (2015). Based on the following reasons, the motion will be denied.

In *Johnson*, the Court held the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), to be unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

In this case, movant pled guilty on November 22, 2013, to distribution of cocaine base (Count I), conspiracy to possess with intent to distribute cocaine (Count II) and conspiracy to possess a firearm in furtherance of a drug trafficking crime (Count III). *See United States v. Britton*, 4:13-CR-146 CDP (E.D.Mo 2014). Movant was sentenced on May 15, 2014, to 120 months' imprisonment on each of the three counts, to be served concurrently, as well as five years' supervised release.

When calculating movant's base offense level under the United States Sentencing Guidelines, the Court applied the section applicable to Count I, Section 2D1.1(c), which refers to the Drug Quantity Table, because the level in 2D1.1(c) was the higher of the three applicable levels. Section 2D1.1 does not contain an enhancement for prior "crimes of violence." Additionally, movant's sentence was not enhanced under the ACCA or Chapter 4 of the Guidelines. That is, movant's sentence was not affected by the holding in *Johnson* because his sentence was not enhanced for any prior "crime of violence." Therefore, his motion to vacate will be denied. *See* Rule 4 of the Rules Governing Habeas Corpus.

Finally, movant has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal will be filed separately.

Dated this 14th day of September, 2016.

                                                CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE